It appears upon evidence on the trial that the defendant was a stranger to Parks, but came to his house some time about the 6th of December last, offering himself to be employed as an overseer, and after remaining on Park's plantation three or four days he borrowed the mare in question of Parks, to ride to the house of one Candles, who lived about four miles from Parks' in the same county; and he called at Candles' accordingly, riding the mare, but from Candles' went directly off, and in two days and a half arrived at a house in the county of Lincoln, at the distance of eighty miles from Candles'.
Upon this state of the evidence it was insisted by Jones, Solicitor General, that the defendant was guilty of felony. He argued that though there were some dicta in the old books, and even some adjudged (155) cases, which make a taking that would amount at least to a trespass to be an essential ingredient in the constitution of felony, yet that the more modern authorities have decided in many instances, and uniformly, that a borrowing or hiring with a fraudulent intent not to return the property to the owner, but to convert it to his own use, and a subsequent going off with the property and selling it or not returning it to the owner, will amount to felony; and that in such cases the court will charge the jury to inquire whether the borrowing or hiring was with such fraudulent intention; and if they found it to be so, then to find the prisoner guilty. In support of this position he cited 1 H. P. C., 90, s. 5, 91, s. 10; Kelyng, 24, 81, 35; Leach, 95, 231, 266, 355, 213.
Mr. Potter, for the prisoner, e contra, insisted that a felony could not be grounded on a delivery by the owner to the borrower, but it must be a taking without the consent of the owner. He cited 4 Bl. Com., 230; 1 H. H. P. C., 504, 506, 507. And with respect to this point there was some difference of opinion in the Court, and in their charges.
seemed to incline that it was felony. HAYWOOD, J., that it was not. *Page 111 
The jury found a special verdict as follows: "The jurors now here sworn, upon their oath say, that on the 6th day of December, in the year of our Lord 1794, in the county of Randolph, in this district, Samuel Parks, senior, was in possession of the mare in the indictment mentioned, as of his proper goods and chattels; and that on that day the aforesaid Bromfield Long, in the said indictment mentioned, did borrow the aforesaid mare of the said Samuel Parks, to ride to the house of John Candles, living in the aforesaid county of Randolph, about four miles from the house of the said Parks, and that he, the said Bromfield Long, was to have returned the mare to the said Samuel Parks, after riding her thither; and the jurors aforesaid further find that the said Bromfield Long did get the said mare into his possession by the means aforesaid, and did ride her to the house of the said Candles, and that he did not return her to the said Samuel Parks; but forthwith rode the said mare into the county of Lincoln, to the distance of eighty miles from the house of the said John Candles, and there sold her to one Andrew Hoyle, as his own property. The jurors further find that the said Bromfield Long did not take the said mare or get her into his possession otherwise than is hereinbefore stated. And the jurors aforesaid further say that they do find that the said Long, at the time when he got possession of the aforesaid mare as before stated from the said Parks, did the (156) same with a fraudulent intention not to return the said mare to the said Parks, but to sell and dispose of her as aforesaid; but whether, upon the facts aforesaid found, the said Bromfield Long be guilty of the felony stated in the indictment, the jurors aforesaid now here sworn are altogether ignorant, and pray the advice of the court here thereupon; and if the court shall be of opinion, upon the facts above stated, that the said Bromfield Long is guilty of the said felony, then the said jurors do find him guilty in the manner and form as stated in the indictment; but if upon the aforesaid facts above stated the court here shall be of opinion that he is not guilty, then the jury say that he is not guilty."
This special verdict afterwards in this term was argued by Mr. Jones for the State and Mr. Potter for the prisoner. Mr. Jones cited the same cases as before.
The Court thought, as there was a division in the opinion of (157) the judges now present, it was proper that this special verdict should undergo the consideration of all the judges. They therefore ordered the prisoner to be recommitted, and that the clerk of this Court transmit a copy of the special verdict to each of the judges of this State, and that they be requested to return their opinions to this Court at the next term. *Page 112 
At the next term, October, 1795, the opinion of all the judges was had on this special verdict. ASHE and MACAY, JJ., were of opinion it was felony; WILLIAMS and HAYWOOD, JJ., that it was not; and the prisoner was recommended to mercy, and obtained his pardon.
See Dodd v. Hamilton, 4 N.C. 471.